Brinkerhoee, C.J.
The plaintiff, being a married woman, brought an action, in the common pleas of Pickaway county, against the defendant, for the recovery of certain specific articles of personal property, under the act of April 17,1857, “securing to married women such personal property as may be exempt from execution,” etc. 4 Curwen’s Stat. 3005. In her petition she makes proper and sufficient averments that she has a special property in the articles specified, the right of possession, etc.; and the defendant, by answer, traversed the averments of the petition. No question is made upon the pleadings. The parties submitted the case to the court on an agreed statement of facts, and the plaintiff had judgment. That judgment was reversed, on error, by the district court; and to reverse that judgment of reversal this petition in error is prosecuted here.
The provisions of the act referred to, so far as they bear upon this case, are these :
Sec. 1. “ That no married man shall sell, dispose of, or in any manner part with, any personal property, which is now, or may hereafter be, exempt from sale on execution, without having first obtained the consent of his wife thereto.
Sec. 2. “If any married man shall violate the provisions of the foregoing section, his wife may, in her own name, commence and prosecute, to final judgment and execution, a *284 civil action for the recovery of such property or its value in money.”
The agreed statement of facts is as follows:
“ That Emma C. Colwell is a married woman, the wife of Samuel Colwell. That said Samuel Colwell, on the 29th day of May, 1858, executed and delivered to Rogers & Ormsbee a chattel mortgage covering the. property in controversy, together with other property, to secure the payment of three promissory judgment notes, amounting in all, to the sum of $494.13. That said Emma C. Colwell did not know of the chattel mortgage at the time the same was executed, and, upon being informed,- afterward, of its execution, she objected, and never did consent to the same. That on the 1st day of September, 1858, Rogers & Ormsbee obtained judgment on the notes, by confession, and caused execution to be issued thereon, directed to Jacob H. Carper, sheriff of the county of Pickaway, the defendant herein, who levied the execution on the goods and chattels in controversy; together with other goods and chattels covered by the mortgage, which mortgage before that time had become absolute. That said Samuel Colwell, at the time of the levy, occupied, as tenant for the year 1858, a house and stable and thirty-six acres of ground in said county of Pickaway. That said thirty-six acres of ground was tended in corn that year, and his share of the corn was levied on and sold on the execution, together with all the other property levied on, except the property replevied in this suit. That after the sale, there remained more than $300 due said Rogers & Ormsbee on the judgment. That if said lease did not constitute a homestead, the goods levied on and replevied in this case, were exempt from execution, under the homestead law, as the same did not exceed $300 in value. That said Samuel Colwell has no other property subject to levy and sale at law.”
The articles of personal property which Mrs. Colwell sought to recover by her action in the common pleas, are not specifically exempt from execution; and if exempt at all, they are so only under the provisions of the eighth section, as *285 amended, of the homestead law, which provides “ that it shall be lawful for any resident of Ohio, being the head of a family, and not the owner of a homestead, to hold exempt from execution . . . personal property to be selected by such person, not exceeding three hundred dollars in value, in addition to the amount of chattel property now by law exempted.” 4 Curwen’s St. 3038. She sues for their recovery on the ground that they were exempt from execution, and that they had been disposed of by her husband without her consent.
Thus two questions are presented:
1. Was the proprety which she sought to recover exempt from execution ? The answer to this depends on the construction of the fifth section of the homestead act (2 Curwen’s St. 1519), which provides that “lessees shall be entitled to the benefit of this act, in the same manner as owners of the freehold or inheritance.” This clause of the statute is designed for the benefit of the debtor; and it should be so construed as to effectuate, and not to thwart, its object and policy. And yet it is obvious that if all lessees, whatever may be the character of their buildings, are compelled either to regard and claim their tenancy as a homestead, or to forego the benefit alike of its exemption and the further exemption of personal property not exceeding three hundred dollars in value, then the mere tenant at will, or by sufferance, dependent entirely on the mercy of his landlord for the roof that shelters himself and family, may be placed in a worse condition than the head of a family who has no pretense of a domicil of any sort. And this would be the case with a large class of “ croppers” and of lessees of tenements of small value from month to month and from year to year. Such, it seems to us, could not have been the intention of the' legislature; but the intention, we think, was, that such a lessee should “ not be deprived of the benefit” of claiming his tenancy as a homestead, if he shall choose so to claim it; and if he shall not so choose, to leave him the benefit of holding personalty exempt from execution, not exceeding three hundred dollars in value, in addition to other articles exempted by other statutes. Any *286 other construction, it seems to us, would tend to defeat the beneficent policy of the statute.
As in Slanker v. Beardsley 9 Ohio St. Rep. 589, no question as to the necessity of a selection by the debtor, arises in this case, and for the same reason.
2. Did the husband “ dispose of, or in any manner part with” the exempt property ? These terms are as comprehensive as any which could be employed, and were evidently designed to be so. The husband mortgaged the property without the wife’s knowledge or consent. The condition was broken; and thereupon the right of possession, as against the husband, accrued to the mortgagees, which they could assert with or without process; and when asserted by process of excution, the husband was precluded, by the operation of his mortgage, from claiming the property as exempt from execution. Frost v. Shaw and Birchard, 3 Ohio St. Rep. 270. The fact that the mortgagees chose to resort to process to effectuate a change • of possession, can make no difference; and the disposing of, and parting with, both the title and possession, was as effectual as it was in the husband’s power to make it.
Judgment of the district court reversed, and that of the common pleas affirmed.
Scott, White and Welch, JJ., concurred.